J-S04039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MOHAMMED MOHIUDDIN :
:
Appellant : No. 1332 EDA 2021

Appeal from the PCRA Order Entered June 1, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007430-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MOHAMMED MOHIUDDIN :
:
Appellant : No. 1333 EDA 2021

Appeal from the PCRA Order Entered June 1, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0007432-2018

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 14, 2022**

Appellant Mohammed Mohiuddin appeals from the order of the Court of

Common Pleas of Bucks County dismissing Appellant's first petition pursuant

to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq*. After

careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The PCRA court aptly summarized the factual background and procedural history of the case as follows:

> On November 13, 2019, Appellant entered a negotiated *nolo contendere* plea on two separate cases. On docket number CP-09-CR-7430-2018, the Commonwealth withdrew a count of Defiant Trespass (M3) and Appellant pled to Prohibited Offensive Weapons (M1). On docket number CP-09-CR-7432-2018, the Commonwealth withdrew two felony counts of Burglary (F1) and Criminal Trespass (F2) and Appellant pled to Defiant Trespass (M3). The Commonwealth and Appellant agreed to incorporate the affidavits of probable cause to serve as a factual basis for the plea and the following summaries of facts were also established and agreed to by Appellant at his *nolo contendere* hearing:
>
> > On 7432-2018, on October 3, 2018, having been lawfully evicted from the residence at 1220 Grenoble Road in Northampton Township, Bucks County, Pennsylvania, Appellant returned to the residence and did enter the residence through a rear window. When ordered to leave by the police[,] he failed to do so in a timely manner.
> >
> > On 7430-2018, on October 29, 2018, Appellant again arrived at 1220 Grenoble Road in Northampton Township, Bucks County. On that date, he approached the mailbox of that residence to obtain mail, and at the time was in possession of a prohibited offensive weapon. That, pursuant to the negotiation, would be a stun gun.
>
> [Notes of Testimony (N.T.)], 11/13/19, 9.
>
> On that same date, Appellant was sentenced pursuant to the negotiation of the parties: 36 months' probation and no contact with Mohammed Fasih, his wife, their three children, as well as the wife and three children of Mr. Fasih's deceased brother, Mohammed Mokmoud. *Id*. at pp. 15-16.

PCRA Court Opinion, 8/2/21, at 1-2.

On November 20, 2020, Appellant filed a *pro se* PCRA petition. The PCRA court subsequently appointed Appellant counsel, who filed an amended petition, alleging, *inter alia,* that trial counsel's ineffectiveness caused

Appellant to enter an involuntary and unknowing *nolo contendere* plea at both trial court dockets as "there was no factual basis for the plea made of record and that the record makes clear that he did not understand the nature and consequences of his plea." Amended Petition, 4/22/21, at 5 (unpaginated).

On May 11, 2021, the PCRA court entered an order issuing notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On May 19, 2021, Appellant filed a response. On June 1, 2021, the PCRA court entered an order dismissing Appellant's petition. On July 1, 2021, Appellant filed two notices of appeal to this Court.

Appellant raises the following issue for our review on appeal: "[d]id the lower court err in denying Appellant's Post-Conviction Relief Act petition without a hearing where trial counsel rendered ineffective assistance of counsel on allowing Appellant to plead *nolo contendere* without a valid colloquy?" Appellant's Brief, at 4.

Our standard of review is as follows:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

***Commonwealth v. Maddrey***, 205 A.3d 323, 327 (Pa.Super. 2019) (quoting ***Commonwealth v. Mason***, 634 Pa. 359, 130 A.3d 601, 617 (2015) (internal citations and quotation marks omitted)).

- 3 -

In reviewing such a claim involving the ineffectiveness of counsel, we are guided by the following principles:

> [a]s originally established by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.

***Commonwealth v. Selenski***, 228 A.3d 8, 15 (Pa.Super. 2020) (quoting ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted)

It is well-settled that, "[i]n terms of its effect on a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Commonwealth v. Potrzebrowski***, 262 A.3d 541 (Pa.Super. 2021) (quoting ***Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa.Super. 2002)).

> Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. ***Commonwealth ex rel. Dadario v. Goldberg,*** 565 Pa. 280, 773 A.2d 126 (2001) (holding all constitutionally recognized claims of ineffective assistance are cognizable under PCRA). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser,*** 921 A.2d 526, 531 (Pa.Super.2007) (quoting ***Commonwealth v. Hickman,*** 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Moser, supra.***

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Morrison***, 878 A.2d 102, 105 (Pa.Super.2005) (*en banc), appeal denied,* 585 Pa. 688, 887 A.2d 1241 (2005) (internal citations omitted).

> A valid guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard,*** 832 A.2d 517, 522 (Pa.Super. 2003). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa.Super.2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. ***Commonwealth v. G. Watson***, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378, 383–84 (Pa.Super. 2002).

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012–13 (Pa.Super. 2016). We also note that in order to show prejudice, the defendant is required to show that it is reasonably probable that, but for counsel's error, he would not have entered the plea, but would have chosen to go to trial. ***Hickman***, 799 A.2d at 141.

On appeal, Appellant claims that trial counsel's ineffectiveness caused him to enter a plea which was not knowing or intelligently made as he alleges that his plea colloquy was defective in several different ways. First, Appellant claims that he did not have an adequate written plea colloquy as the parties employed a written *guilty plea* colloquy form and simply substituted the term "nolo contendere" throughout the document.

However, Appellant did not challenge his plea colloquy on these grounds before the PCRA court, but raises this particular contention for the first time on appeal. As a general rule, "issues not raised in a PCRA petition cannot be considered on appeal." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) (quotation and citations omitted); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").[1]

Appellant also argues that his *nolo contendere* plea was not knowingly, voluntarily, or intelligently made, as he claims the written colloquy executed "does not contain any explanation nor does it adequately serve to advise Appellant of the consequences of a *nolo contendere* plea." Appellant's Brief, at 14. Further, Appellant contends he was not aware of the factual basis for

---

[1] Our Supreme Court recently expanded the opportunities for a PCRA petitioner to raise claims of PCRA counsel ineffectiveness for the first time on collateral appeal. ***See Commonwealth v. Bradley***, ––– A.3d ––––, 2021 WL 4877232 (Pa. 2021). However, since Appellant's claim does not involve circumstances where he is attempting to raise a claim of the ineffectiveness of his PCRA counsel, the dictates of ***Bradley*** do not impact this case.

the plea and never indicated he "was agreeing that the Commonwealth would be able to establish the facts supporting the prohibitive offensive weapons charge beyond a reasonable doubt." Appellant's Brief, at 16.

Although the written colloquy did not specifically define a *nolo contendere* plea, the trial court reviewed with Appellant how his *nolo contendere* plea differed from a guilty plea and the potential sentences he faced on each of the charges:

> [Trial Court:] Mr. Mohiuddin, you're entering a *nolo contendere* plea to prohibited offensive weapons, a misdemeanor of the first degree, for which you could be sentenced up to five years in jail and to pay a fine of up to $10,000. …
>
> Do you understand that?
>
> [Appellant:] Yes.
>
> [Trial Court:] And, again, you're not admitting to anything, but you are agreeing that if the case went to trial, the factfinder, whether it be a judge or a jury, if it believed the Commonwealth's evidence, that that evidence would be enough for you to be found guilty beyond a reasonable doubt.
>
> Do you understand that? You're not admitting to anything. Do you understand that? Yes?
>
> [Appellant:] Yes. …
>
> [Trial Court:] Prohibited offensive weapons means, in this case, that you had in your possession or otherwise used or dealt in a weapon that's specifically prohibited, in particular, a stun gun. Do you understand that? …
>
> Appellant is given time to confer with his attorney off the record.]
>
> [Appellant:] Yes.
>
> [Trial Court:] On the other case, you're entering a *nolo contendere* plea to defiant trespass, a misdemeanor of the third degree, for

which you could be sentenced to an additional 12 months in jail and to pay a fine of up to $2,500. Do you understand that?

[Appellant:] Yes.

[Trial Court:] And again, you're not admitting to it, but you're agreeing that if the case went to trial the evidence, if believed by the factfinder, could be sufficient for you to be found guilty beyond a reasonable doubt.

And that is that the Commonwealth would have to show that you were not permitted to be at a certain location that you had previously been given communication not to be there, and you returned there in any event. Do you understand that?

[Appellant:] Yes.

Notes of Testimony (N.T.), 11/13/19, at 3-6.

Our review of the record shows that Appellant repeatedly acknowledged in his written and oral colloquies that he understood the consequences of his plea and the rights he was giving up in entering the plea. Appellant failed to identify any consequence of the plea of which he was not properly advised or suggest how trial counsel should have conducted the colloquies differently.

We disagree with Appellant's contention that his plea was not knowing or intelligent due to the alleged lack of a factual basis for the plea. At the plea hearing, the parties agreed to incorporate the affidavits of probable cause for the factual basis of the plea and the prosecutor additionally placed on the record a brief summary of the facts related to each of the charges. Appellant testified that "by agreement" that the prosecutor's recitation of the facts was the factual basis for the charges. N.T. at 11.

Appellant also confirmed that his decision to enter the *nolo contendere* plea was his decision alone and that he had sufficient time to confer with his

- 8 -

attorney, who adequately explained the plea agreement with him and provided satisfactory representation. Appellant indicated that he fully understood the written colloquy and would testify to the same answers under oath. Further, Appellant did not assert that there was a reasonable possibility, had trial counsel conducted the colloquy differently, that he would have declined to enter the *nolo contendere* plea and chosen to go to trial.

Accordingly, we conclude that the PCRA court correctly found that Appellant was not entitled to relief on his ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2022